UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PAUL M. LAM, | Case No. 1:06-cv-514 |
| Plaintiff, | Dlott, J. |
| | Black, M.J. |
| vs. | |
| JINNY L. LAM., | |
| Defendant. | |

**REPORT AND RECOMMENDATION[1] THAT THE JUDGMENT OF THE BANKRUPTCY COURT BE AFFIRMED AND THIS CASE CLOSED**

This is a *pro se* appeal from an Order of the United States Bankruptcy Court for the Southern District of Ohio in the adversary proceeding styled *Jinny Lam v. Paul Lam*, Case No. 05-01107.  This adversary proceeding arose in the bankruptcy case of Paul M. Lam, case number 04-19897.  This Court has jurisdiction of this appeal pursuant to 28 U.S.C. § 158.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Mr. Lam and Ms. Lam were previously married.  Their marriage ended by a decree of divorce issued by the Hamilton County Court of Common Pleas, Division of Domestic Relations, on or about February 20, 2002.  Mr. Lam filed his bankruptcy petition on December 11, 2004.  Ms. Lam filed an adversary proceeding seeking a determination that certain obligations of Mr. Lam in the divorce decree (a mortgage issued by Fifth Third Bank) were non-dischargeable under 11 U.S.C. § 523(a)(5) or 523(a)(15).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

The Bankruptcy Court held a trial on December 7, 2005 and rendered a decision in favor of Ms. Lam on December 13, 2005.  (Doc. 4, Ex. A).  In the decision, the Court found that Mr. Lam had an ability to pay the debt and that Mr. Lam's ability to pay the obligation was greater than that of Ms. Lam.

Thereafter, on August 4, 2006, Mr. Lam filed the instant appeal from the Bankruptcy Court's decision.  (Doc. 1).  Now before the Court is Mr. Lam's brief in support of his appeal (doc. 3) and the parties' responsive memoranda (docs. 4, 6.)

Pursuant to Bankruptcy Rule 8010, it is Mr. Lam's obligation as the appellant to provide this Court with a statement of the issues presented for appeal and the applicable standard of appellate review.  Mr. Lam, however, has failed to identify the issues that he is presenting to this Court on appeal at any point in the appellate process.  This includes a failure to file the statement of issues presented pursuant to Federal Bankruptcy Rule 8006.

It appears, however, that Mr. Lam is asserting that the Bankruptcy Court erroneously determined that he had the ability to repay the Fifth Third obligation.  However, Mr. Lam's assertion is not well-taken, and,.For the reasons that follow, the undersigned recommends that the decision of the Bankruptcy Court should be affirmed.

## STANDARD OF REVIEW

In reviewing decisions of the Bankruptcy Court, findings of fact are reviewed for clear error and conclusions of law are reviewed de novo.  *See In re Pirch*, 409 F. 3d 677, 680 (6th Cir. 2005); Fed. R. Bankr. P. 8013.  The Court is bound by the Bankruptcy Court's findings of fact unless they are clearly erroneous.  *In re Kuppin*, 335 B.R. 675

(S.D. Ohio 2005). "If a question is a mixed question of law and fact, then we must break it down into the constituent parts and apply the appropriate standard of review for each part." *Id.*

## ANALYSIS

As noted above, Mr. Lam never filed a statement of the issues he is presenting to this Court on appeal pursuant to Bankruptcy Rule 8006. In addition, Mr. Lam has failed to comply with the form of briefs required by Fed. R. Bank. P. 8010, including failing to provide a concise statement of the errors below he is challenging. Indeed, nowhere in his entire brief does Mr. Lam point to a specific legal conclusion or factual finding that he alleges Judge Hopkins made in error. Moreover, Mr. Lam's brief (and appellate designation) improperly seeks to present evidence that was not presented below. *See In re Cook*, 457 F.3d 561, 567 (6th Cir. 2006) ("This court has repeatedly held that it will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice").

In any event, upon careful review, the undersigned finds that the Bankruptcy Court's findings of fact are not clearly erroneous nor its conclusions of law incorrect. The record contains ample evidence supporting the Bankruptcy Court's finding that Mr. Lam has an ability to pay the debt arising from the parties' divorce decree, and that such debt is nondischargeable under 11 U.S.C. § 523(a)(15)(b).

The Bankruptcy Court's decision was highly factual based. Judge Hopkins thoroughly evaluated whether Mr. Lam could afford to make the payments for which he is

obligated, including an analysis of Mr. Lam's ability to earn income, alternate sources of support, and his present living situation. Judge Hopkins also considered, *inter alia*, Ms. Lam's condition through her testimony and that of her daughter. *See* Trial Ct. Decision at 2 ("In reaching its determinations, the Court considered the demeanor and credibility of all witnesses who testified, including Mrs. Jinny Lam, Mr. Paul Lam and Ms. Tiffany Lam.").

    Here, the Bankruptcy Court articulated specific reasons for the decision supported by the evidence of record and applicable law. Accordingly, the undersigned concludes that the Bankruptcy Court did not err in either its findings of fact or conclusions of law, and therefore hereby **RECOMMENDS** that the decision of the Bankruptcy Court be **AFFIRMED,** and that this matter be **CLOSED**.


Date: July 2, 2007                                             s/Timothy S. Black
                                                                               Timothy S. Black
                                                                               United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAUL M. LAM,                    Case No. 1:06-cv-514

    Plaintiff,                        Dlott, J.
                                       Black, M.J.
vs.

JINNY L. LAM.,

    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).