IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JINNY LAM, : | |
| : | |
| Plaintiff(s), : | |
| : | Case Number: 1:06cv514 |
| vs. : | |
| : | District Judge Susan J. Dlott |
| PAUL M. LAM, : | |
| : | |
| Defendant(s). : | |

ORDER

This matter is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Timothy S. Black. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and filed with this Court on July 2, 2007 Report and Recommendations (Doc. 8). Subsequently, the defendant filed objections to such Report and Recommendations (Doc. 9) and Plaintiff filed a response to the objections (Doc. 11).

The Court has reviewed the comprehensive findings of the Magistrate Judge and considered de novo all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Recommendations should be adopted.

Mr. Lam did not file a statement of the issues he presented to this Court on appeal pursuant to Bankruptcy Rule 8006. In addition, Mr. Lam failed to comply with the form of briefs required by Fed. R. Bank. P. 8010, including failing to provide a concise statement of the errors he is challenging. Nowhere in his entire brief does Mr. Lam point to a specific legal conclusion or factual finding that he alleges Judge Hopkins made in error. Moreover, Mr. Lam's brief (and appellate designation) improperly seeks to present evidence that was not presented. *See In re Cook,* 457 F.3d 561, 567 (6th Cir. 2006) ("This court has repeatedly held that it will not consider arguments raised for

the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice").

In any event, upon careful review, this Court finds that the Bankruptcy Court's findings of fact are not clearly erroneous nor its conclusions of law incorrect. The record contains ample evidence supporting the Bankruptcy Court's finding that Mr. Lam has an ability to pay the debt arising from the parties' divorce decree, and that such debt is not dischargeable under 11 U.S.C. § 523(a)(15)(b).

The Bankruptcy Court's decision was highly factual based. Judge Hopkins thoroughly evaluated whether Mr. Lam could afford to make the payments for which he is obligated, including an analysis of Mr. Lam's ability to earn income, alternate sources of support, and his present living situation. Judge Hopkins also considered, *inter alia,* Ms. Lam's condition through her testimony and that of her daughter. *See* Trial Ct. Decision at 2 ("In reaching its determinations, the Court considered the demeanor and credibility of all witnesses who testified, including Mrs. Jinny Lam, Mr. Paul Lam, and Ms. Tiffany Lam").

The Bankruptcy Court articulated specific reasons for the decision supported by the evidence of record and applicable law. Accordingly, this Court concludes that the Bankruptcy Court did not err in either its findings of fact or conclusion of law, and therefore hereby **RECOMMENDS** that the decision of the Bankruptcy Court may be **AFFIRMED,** and that matter is **CLOSED.**

IT IS SO ORDERED.

    ___s/Susan J. Dlott_____
    Susan J. Dlott
    United States District Judge